UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SIARRES R. NOBLE, | ) | CASE NO. 1:22-cv-1521 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN J.W. COX, | ) | |
| | ) | |
| RESPONDENT. | ) | |

## I. BACKGROUND

Siarres R. Noble ("Noble"), a federal prisoner proceeding *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.[1]) He also filed a motion for appointment of counsel. (Doc. No. 4.) For the reasons stated below, Noble's petition is denied and this action is dismissed.

In September 2014, Noble pleaded guilty in this Court, pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C), to two counts of distribution of heroin, four counts of distribution of fentanyl, and one count of possession with the intent to distribute fentanyl, all in

---

[1] Unless otherwise noted, all record citations refer to Case No. 1:22-cv-1521 (N.D. Ohio). Additionally, all page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (*United States v. Noble*, Case No. 1:14-cr-135 (N.D. Ohio), Minutes of Proceedings [non-document], 9/15/2014.) In the plea agreement, the government agreed to recommend a 240-month term of imprisonment. The plea agreement also included an appellate-waiver provision that limited Noble's right to file a direct appeal or a collateral challenge but permitted claims of ineffective assistance of counsel and prosecutorial misconduct. (*Id.*, Doc. No. 40 (Rule 11(c)(1)(C) Plea Agreement).)

On December 17, 2014, this Court sentenced Noble to a term of imprisonment of 240 months in accordance with the Rule 11(c)(1)(C) plea agreement. (*Id.*, Doc. No. 46 (Judgment); Minutes of Proceedings [non-document]. 12/17/2014.) Noble did not take a direct appeal from the Court's judgment.

In September 2015, Noble filed a motion to vacate under 28 U.S.C. § 2255, asserting that he did not voluntarily or knowingly enter his guilty plea due to ineffective assistance of counsel. (*Id.*, Doc. No. 49.) Therein, he argued that his counsel was ineffective for advising him to plead guilty to Count 4 or Count 5, insisting that his counsel should have been aware that the government would have been unable to meet its burden of demonstrating that death or serious bodily injury would not have occurred "but for" the drugs he distributed. (*Id.*) This Court denied Noble's § 2255 motion, finding his claims were contradicted by his assertions in the plea agreement and during the plea colloquy and that the government was able to present evidence showing that the fentanyl he trafficked was the "but-for" cause of death and/or serious bodily injury. *United States v. Noble*, No. 1:14–cr–135, 2017 WL 626130 (N.D. Ohio Feb. 15, 2017). The Sixth Circuit denied Noble's request for a certificate of appealability. *Noble v. United States*, No. 17-3253 (6th Cir. Sept. 12, 2017).

Now, Noble seeks relief from his conviction and "immediate release" under § 2241. (Doc. No. 1, at 4.) Although his petition is convoluted and difficult to parse, Noble again asserts ineffective assistance of counsel, and he contends he was denied due process during plea negotiations.

## II. STANDARD OF REVIEW AND DISCUSSION

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.* (citations omitted). It is evident from the face of the petition that Noble is not entitled to relief under § 2241.

"[S]ection 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence—those things that were ordered in the sentencing court. By contrast, section 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served'—those things occurring within prison" *Taylor v. Owens*, 990 F.3d 493, 495–96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam)). "And Congress has made its preference for section 2255 clear." *Id.* "If a prisoner can file a section 2255 motion in the sentencing court but 'fail[s]' to do so or is unsuccessful in his motion, then a court 'shall not ... entertain[ ]" his application for a writ of habeas corpus under section 2241." *Id*. at 496

(citation omitted).

The so-called "savings clause" of § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition where the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). In the Sixth Circuit, a petitioner may make this showing by establishing a claim of actual innocence based on a new rule of law made retroactive by the United States Supreme Court. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012); *see Hayes v. Holland*, 473 F. App'x 501, 501–02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255.") This requires a petitioner to demonstrate: "(1) 'the existence of a new interpretation of statutory law,' (2) 'issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions,' (3) that is retroactive, and (4) applies to the petition's merits such that it is 'more likely than not that no reasonable juror would have convicted' the petitioner." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016) (quoting *Wooten*, 677 F.3d at 307–08). Further, in this circuit, a federal prisoner "cannot bring a claim of actual innocence in a § 2241 petition through the saving[s] clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Noble has not met the Sixth Circuit's requirements for demonstrating an actual innocence claim. He does not point to a retroactively applicable Supreme Court decision which would afford him relief from his conviction or sentence, or a claim that he had no reasonable opportunity to

4

raise earlier. Accordingly, he is not entitled to any relief by way of § 2241. A prisoner may not use § 2241 to get a "second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a § 2255 motion. *See Fuentes v. Sepanek*, No. 13–170–HRW, 2014 WL 705291, at *3 (E.D. Ky. Feb. 24, 2014) (dismissing § 2241 petition asserting ineffective assistance of counsel in connection with a plea agreement).

### III.  CONCLUSION

For the foregoing reasons, the pending petition (Doc. No. 1) is denied, and this case is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 4, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**